UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANYLL MERCADO,

        Plaintiff,

                                    CASE NO. 05-CV-70078-DT
                                    JUDGE AVERN COHN
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CHARLES L. BROWN;

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT BROWN'S MOTION TO DISMISS**

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    Background and Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    Defendant Brown's Dispositive Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.    Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
          1.    Fed. R. Civ. P. 12 ("Defenses and Objections") . . . . . . . . . . . . . . . . . . . . . . . . . 4
          2.    42 U.S.C. § 1983 ("Civil action for deprivation of rights") . . . . . . . . . . . . . . . . . . . 6
     D.    Plaintiff's claims are unexhausted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          1.    Exhaustion Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          2.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
               a.    Plaintiff did not attach evidence of his grievance to his complaint. . . . . . . . . . . 8
               b.    Plaintiff did not describe with specificity his alleged compliance with the grievance
                    procedures**.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     E.    Plaintiff's claims are without merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
          1.    Plaintiff has not alleged a violation of his right to access the courts. . . . . . . . . . . . . 11
               a.    Access to the courts generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
               b.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          2.    Plaintiff's allegation that the jail staff removed money from plaintiff's account does  not
               constitute a due process violation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
               a.    The Due Process Clause of the Fourteenth Amendment . . . . . . . . . . . . . . . . . 13
               b.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
          3.    Plaintiff has failed to allege a violation of his Eighth Amendment right to be free from cruel
               and unusual punishment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
               a.    The Eighth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
               b.    Plaintiff's allegations do not constitute a violation of the Eighth Amendment.
                   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

4.      Plaintiff's complaint fails to allege defendant's personal involvement. . . . . . . . . . . . .  19

III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

*       *       *       *       *

**I.      RECOMMENDATION:** The Court should grant defendant Brown's motion to dismiss on the basis that plaintiff Mercado has failed to comply with the Prison Litigation Reform Act ["PLRA"], 42 U.S.C. § 1997e(a).  Dismissal should be without prejudice.  If the Court disagrees with this conclusion, it should grant defendant's motion on the merits.  The Court should also deny plaintiff's pending motion for appointment of counsel and access to the law library.  Finally, the Court should deny as moot defendant's motion to dismiss for want of prosecution.

**II.     REPORT:**

**A.      Background and Procedural History**

Plaintiff Danyll Mercado is currently confined at Saginaw County Jail.  Compl. at 1.  On January 19, 2005, plaintiff filed a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 against defendant Charles L. Brown, Sheriff of Saginaw County and supervisor of all law enforcement activities, including the jail, in both his personal and official capacity.  Plaintiff essentially makes three claims.  First, plaintiff alleges that his right to access the courts is being violated by denial of access to the institution's law library.  Second, plaintiff alleges that his due process rights were violated by an unauthorized withdrawal of money from plaintiff's account.  Finally, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment is being violated by uninhabitable living conditions.[1]  In his complaint, plaintiff seeks

---

[1]Plaintiff also complains that the jail's grievance procedures are unconstitutional, but the Sixth Circuit has held otherwise.  *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995);
(continued...)

access to the institution's law library and a grievance system that complies with constitutional standards, and hot meals and new meal trays. Compl. at 4-5. Finally, plaintiff seeks compensatory damages in the amount of $50,000 and punitive damages. Compl. at 4.

On January 31, 2005, plaintiff filed a motion for appointment of counsel, access to the law library, and medical attention for an alleged medical condition.

**B.      Defendant Brown's Dispositive Motion**

On February 9, 2005, defendant Brown filed a motion for dismissal in which he argued that (1) plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a); (2) "[p]laintiff's claims are wholly without factual merit[;]" (3) "even if [p]laintiff's claims had some factual substance to them, they still must be dismissed because to bring an action under 42 U.S.C. § 1983, a violation of a constitutionally protected right must have occurred and none of the matters alleged by [p]laintiff qualify as such[;]" and (4) "the doctrine of respondeat superior is inapplicable to 42 U.S.C. § 1983 claims, and [p]laintiff has otherwise failed to allege the necessary factual predicate to defeat [d]efendant's assertion of immunity." Mot. Br. at 9.[2]

**C.      Applicable Law**

**1.      Fed. R. Civ. P. 12 ("Defenses and Objections")**

---

[1](...continued)
*Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich. 1989).

[2]On February 16, 2005, I signed a scheduling order requiring plaintiff to file any response to defendant's motion to dismiss by Thursday, March 16, 2005. Plaintiff did not reply until June 19, 2005. On June 16, 2005, defendant filed a motion to dismiss for want of prosecution. However, plaintiff signed his complaint under penalty of perjury. Such a complaint may serve as an opposing affidavit sufficient to rebut a motion for dismissal if properly supported. *See* 28 U.S.C. § 1746; *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

On June 19, 2005, plaintiff sent me a letter stating, once again, that he has not received access to the law library. Plaintiff requested appointment of counsel, and, in the alternative, dismissal without prejudice.

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections.  As to how defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . .  If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Fed. R. Civ. P. 12(b).

In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that plaintiff can prove no set of facts supporting his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Plaintiff is not required to specifically set out the facts upon which he bases his claim.  *See id*. at 47.  Rather, "a short and plain statement of the claim" pursuant to Federal Rule of Civil Procedure 8(a)(2) gives defendant fair notice of plaintiff's claim and the grounds upon which it rests.  *See id*.

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true.  *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48.  A dismissal under Rule 12(b)(6) is

4

generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

Here, however, the parties have presented matters outside the pleadings. A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). The Court must treat the motion as one for summary judgment if "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(b); *see Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Burke v. Johnson*, 167 F.3d 276, 280 (6th Cir. 1999); *Performance Contracting, Inc. v. Seaboard Surety Co.*, 163 F.3d 366, 369 n.2 (6th Cir. 1998).

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party

need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the

burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district

court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*,

477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving

party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986)); *see also* Fed. R. Civ. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than

present some evidence on a disputed issue.  As the Supreme Court has explained, "[t]here is no issue

for trial unless there is sufficient evidence favoring the nonmoving party for a jury to  return a

verdict for that party.  If the [non-movant's] evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (citations omitted);

*see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586-87 (1986).  Thus, "[t]he existence of a mere scintilla of evidence in support of the non-

moving party's position will not be sufficient; there must be evidence on which the jury could

reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

**2.      42 U.S.C. § 1983 ("Civil action for deprivation of rights")**

Plaintiff is alleging a violation of 42 U.S.C. § 1983 in his Complaint.[3] To state a claim under § 1983, plaintiff must show two elements. "First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.'" *Adickes v. Kress*, 398 U.S. 144, 150 (1970) (citation omitted).

**D.     Plaintiff's claims are unexhausted.**

**1.     Exhaustion Generally**

Defendant argues that plaintiff has failed to satisfied the administrative exhaustion requirement set forth in 42 U.S.C. § 1997e(a). Mot. Br. at 1-2. Section 1997e governs 42 U.S.C. § 1983 suits by prisoners. It states, in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

---

[3]Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

7

With regard to the dismissal of prisoner lawsuits, 42 U.S.C. § 1997e(c) provides:

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(1)-(2). "Federal courts should not adjudicate any such claim until after exhaustion unless the complaint satisfies § 1997e(c)(2)." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam).

**2.      Analysis**

For the following reasons, the Court should conclude that plaintiff's claims have not been exhausted.

**a.      Plaintiff did not attach evidence of his grievance to his complaint.**

As the Sixth Circuit has stated, the plaintiff has the burden to prove that he or she has exhausted his or her administrative remedies. In *Brown*, the Sixth Circuit held that under 42 U.S.C. § 1997e(a), "prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his § 1983 complaint the administrative decision, if available, showing the administrative disposition of his complaint." *Id* at 1103.[4]

---

[4]The Sixth Circuit appears to be alone in placing the burden on plaintiffs to show exhaustion. The other circuit courts that have considered the question characterize lack of exhaustion as an
(continued...)

Defendant has a written policy regarding the multiple-step Saginaw County Jail grievance process.  Mot. Br. Ex. 1 ("Inmate Grievances"), effective October 1, 2002.

Plaintiff alleges that he completed all of the requisite steps, but has not received a reply to any of his grievances.  Compl. at 3.  However, he has not provided documentary evidence of his adherence to the grievance procedures.  In his letter dated June 19, 2005, plaintiff quotes "the reply [he] was given to a grievance [he] filed with Lieutenant Gutzwiller," but plaintiff states also that he filed this particular grievance on February 9, 2005.  Pl's. Letter at 1.  Therefore, the grievance he allegedly filed is of no consequence, as, even were it filed and responded to as he states, it was not filed until after plaintiff filed his complaint with the District Court on January 19, 2005.

### b.   Plaintiff did not describe with specificity his alleged compliance with the grievance procedures.

In the absence of documentation, plaintiff is required to describe "with specificity" how he has exhausted the grievance.  In *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), the Sixth Circuit stated that

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

---

[4](...continued)

affirmative defense.  See *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999); *Jenkins v. Haubert*, 179 F.3d 19, 29 (2d Cir. 1999); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).  Thus, in those circuits the defendant bears the burden of establishing that the claims are not exhausted, see *Massey*, 196 F.3d at 735, and the defense is subject to waiver and forfeiture, see *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999); *Wendell*, 162 F.3d at 890.

9

*Id.*  Plaintiff offers no specific evidence of exhaustion of the grievance procedures.  Plaintiff does not state the person with whom he filed the alleged grievances, nor does he state the dates on which he filed them.  He merely states that he has filed "several grievances."  Compl. at 4.  Moreover, Saginaw County Jail Commander Lt. William Gutzwiller, whose responsibility it is to maintain records of all grievances which reach the third step of the appeals process, Mot. Br. at 2, has filed an affidavit attesting that he has searched the jail's grievance records and found "no evidence of any grievance being filed or appealed" by plaintiff.  Mot. Br. Ex. 2 ¶ 4.  Furthermore, "jail staff members have been interviewed and no record exists that any Step 1 grievance had been filed by plaintiff in regards to any of these matters."  Mot. Br. at 2.  Plaintiff has offered no evidence to counter these averments.

Because there exists no documentation or specific description of plaintiff's exhaustion of the administrative grievance procedure, the Court could dismiss plaintiff's complaint without prejudice. *See Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (internal citation and footnote omitted) ("A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*.  Our rule in *McGore* [*v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)] requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in [his] initial complaint, also not be allowed to amend his complaint to cure the defect.  If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient

detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.").[5]

**E.      Plaintiff's claims are without merit.**

If the Court disagrees with my conclusion that plaintiff's claims are unexhausted, the Court should dismiss the claims on the merits.

**1.      Plaintiff has not alleged a violation of his right to access the courts.**

**a.      Access to the courts generally**

Prisoners have a fundamental right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds*, the Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. "The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment," *Hodge v. Prince*, 730 F. Supp. 747, 751 (N.D. Tex. 1990), and from the Privileges and Immunities Clause of Article IV of the United States Constitution. *See Chambers v. Baltimore and O.R. Co.*, 207 U.S. 142, 148 (1907). A prisoner's access to the courts must be adequate,

_____

[5]If the Court agrees with my foregoing recommendations, it need not address defendant's arguments, discussed hereinafter, that (1) "[p]laintiff's claims are wholly without factual merit[;]" (2) "even if [p]laintiff's claims had some factual substance to them, they still must be dismissed because to bring an action under 42 U.S.C. § 1983, a violation of a constitutionally protected right must have occurred and none of the matters alleged by [p]laintiff qualify as such[;]" and (3) "the doctrine of respondeat superior is inapplicable to 42 U.S.C. § 1983 claims, and [p]laintiff has otherwise failed to allege the necessary factual predicate to defeat [d]efendant's assertion of immunity." Mot. Br. at 9.

effective, and meaningful.  *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984); *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983).

A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials "hindered the prisoner's efforts to pursue a nonfrivolous claim."  *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *accord Lewis*, 518 U.S. at 353; *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996); *Stewart v. Block*, 938 F.Supp 582, 586 (C.D. Cal. 1996) (plaintiff must show "a specific instance in which he was actually denied access to the courts.") (internal quotation omitted).  Further, "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Lewis*, 518 U.S. at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines," and thus the right is limited to safeguarding prisoner's ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement."  *Id.* at 355.

**b.    Analysis**

Plaintiff alleges that he "[repeatedly] requested access to the law library to work on his pending case and to seek information to file this civil action," and that he was denied access "more times than he [could] remember for no reason."  Compl. at 4.

Defendant, in response to plaintiff's allegations of denial of access to the law library, states that no such denial was ever made; indeed, defendant states that not only was there no denial of access, but that plaintiff never made a written request.  Mot. Br. at 4.

Saginaw County Jail Policy J25-00 ("Law Library"), Mot. Br. Ex. 3, establishes guidelines regarding the use of the law library by inmates. It states, in pertinent part, "[a]ny inmate wishing to use the law library must request permission in writing. . . . [U]pon receiving a written request. . .the inmate will be allowed to use it. . . .  No inmate will be denied the use of the law library."

Defendant states that all written requests to use the library are documented, and that there is no record of plaintiff's alleged repeated requests for, and repeated denials of, access to the library. Mot. Br. at 4.  Plaintiff, however, alleges that he has submitted more than fifty requests, Pl's. Mot. at 2, though he has provided no evidence thereof.

Even assuming that plaintiff has, in fact, filed more than fifty written requests for access to the law library, the holding in *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance."  *Lewis*, 518 U.S. at 351.  Rather,

> the inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have shown.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id*.  Under *Lewis*, dismissal is appropriate where a prisoner fails to allege a specific, litigation-related detriment resulting from the prison official's conduct.  *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In this case, plaintiff had court-appointed counsel in his criminal proceedings.  As regards his civil action, plaintiff was not "so stymied by inadequacies of the law library that he was unable even to file a complaint," *id*., as is evident from the current complaint, which is the Court's standard

§ 1983 form.  Therefore, as plaintiff has not alleged a specific, litigation-related detriment, he has failed to state a First Amendment right of access to courts claim upon which relief can be granted.

**2.      Plaintiff's allegation that the jail staff removed money from plaintiff's account does not constitute a due process violation.**

### a.      The Due Process Clause of the Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1.  The Fourteenth Amendment does not protect against all of the State's deprivations of life, liberty, or property.  *Parratt v. Taylor*, 451 U.S. 527, 537 (1981).  Rather, it protects against only those deprivations of life, liberty or property that are "without due process of law."  *Id.*

### b.      Analysis

Plaintiff was charged thirty-six dollars and fifty cents ($36.50) for the replacement of a mattress that jail staff found in his cell while conducting a shakedown search on December 21, 2004.  Compl. at 5, Mot. Br. at 7.  The facts are in some dispute, but plaintiff alleges his right to due process under the Fourteenth Amendment was infringed upon because he "received no notice or hearing" before the jail staff removed the money from plaintiff's account.  Compl. at 5.  Defendant contends that the money was removed from plaintiff's account only after determining that plaintiff had destroyed his mattress; the payment was in restitution for the damages caused to prison property.  Mot. Br. at 7.  Defendant argues, furthermore, that "[s]uch actions are warranted under, and comply with, constitutional requirements as well as the Michigan Department of Corrections Administrative Code, R 791.6639 and R 791.5501."  *Id.*  However, R 791.6639 and R 791.5501 provide, in pertinent part, that funds may be removed from a prisoner's account as a sanction for restitution only after a formal- or fact-finding hearing.  R 791.6639(8) (amended Oct. 30, 1993), R 791.5501(2) (amended

14

Nov. 1, 2002).[6]  It is not clear that these rules are applicable here, because plaintiff is detained in the

Saginaw County Jail, and is not in the custody of the Michigan Department of Corrections.  Even

assuming, however, that defendant did, in fact, fail to provide plaintiff with notice and hearing[7], and

that notice and hearing were required under the Due Process Clause, defendant is entitled to

dismissal because plaintiff has failed to allege that his post-deprivation remedies are inadequate.

The Supreme Court has recognized that "an unauthorized intentional deprivation of property

by a state employee does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss

is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  In asserting a violation of procedural

due process, a plaintiff must plead and prove that available state procedures for redressing the wrong

are not adequate.  *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983); *see also Wilson v.

Beebe*, 770 F.2d 578, 584 (6th Cir. 1985) (en banc).

The Saginaw County Jail's grievance system provides prisoners with an adequate procedure

to challenge actions taken by jail officials.  An inmate may make a verbal complaint to a jail security

officer, who will attempt to resolve the problem to the satisfaction of the inmate; if the complaint

---

[6]R 791.639 provides, in pertinent part, that "[f]unds shall not be taken from a prisoner's account, except . . . [a]s a sanction for restitution pursuant to the provision of R 791.5505." However, R 791.5505, "Sanctions for major and minor misconduct; guilty plea; waiver," is rescinded, effective November 1, 2002, due to revisions to R 791.5501.  I will assume, therefore, that the reference in R 791.6639 to R 791.5505 is an oversight on the part of the Michigan Department of Corrections, and should be read, instead, as a reference to R 791.5501, "Major misconduct; minor misconduct; hearing; confiscation and disposition of contraband."  R 791.5501 provides, in pertinent part, that "[a] prisoner charged with major misconduct shall be provided a formal hearing conducted in accordance with R 791.3315.  A prisoner charged with minor misconduct shall be provided a fact-finding hearing conducted in accordance with R 791.3310."

[7]R 791.3310 and R 791.3315 provide that the "prisoner shall receive written notice" of the purpose and circumstances of the hearing.  R 791.3310(1) (effective Jan. 2, 1990), R 791. 3315(1) (effective May 7, 1987).

is not resolved to the inmate's satisfaction, the inmate may file a written grievance with the jail

sergeant; if the inmate is still not satisfied with the resolution of the grievance, the inmate may

forward the grievance to the jail division commander, who will make a final determination.  Mot.

Br. Ex. 1.  Further, the Sixth Circuit has explained that Michigan provides various post-deprivation

state court remedies to plaintiff,

> including Michigan Court Rule 3.105 that allows an action for claim and deliver,
> Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession
> of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp.
> Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure
> to compensate for alleged unjustifiable acts of state officials.

*Copeland v. Machulis*, 57 F.3d 476, 480 (6ᵗʰ Cir. 1995).  These post-deprivation remedies are

sufficient to alleviate due process concerns, *see id.*, and apply equally to detainees of a Michigan

county jail.  *See Mendoza v. Cowdrey*, No. 00-CV-10500-BC, 2002 WL 253848, at *(E.D. Mich.

Feb. 8, 2002) (Lawson, J.).  In short, "plaintiff has not shown that no adequate postdeprivation state

remedy was available," and therefore he has not alleged a violation of his procedural due process

rights so as to enable him to state a § 1983 claim.  *Barnier v. Szentmiklosi*, 810 F.2d 594, 600 (6ᵗʰ

Cir. 1987).

**3.   Plaintiff has failed to allege a violation of his Eighth Amendment right to be free from
cruel and unusual punishment.**

   **a.   The Eighth Amendment**

Plaintiff's final allegation is that defendant has subjected him to cruel and unusual

punishment in violation of the Eighth Amendment, made applicable to the states by the Fourteenth

Amendment.  *See Robinson v. California*, 370 U.S. 660 (1962).  The Eighth Amendment provides,

"[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

punishments inflicted."  In order to fall under the proscription of the Eighth Amendment, the

16

offending conduct must "reflect an unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). To state a violation of the Eighth Amendment, the pain must be serious and the offending conduct must be wanton. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

A meritorious claim must fulfill both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the pain to be serious, and the subjective component provides the means to establish that the offending conduct is necessarily wanton. *See Hudson*, 503 U.S. at 5; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Serious pain can be proven by showing a serious deprivation of basic human needs, such as food, medical care, and sanitation. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). To establish wantonness, plaintiff must show deliberate indifference on the part of defendant. This occurs when defendant knows of a substantial risk to an inmate's health, yet disregards the risk by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 837-47.

### b.    Plaintiff's allegations do not constitute a violation of the Eighth Amendment.

Plaintiff alleges that the "upkeep and living conditions of [the] jail [present] a dangerous health risk to plaintiff and the inmate population in general." Specifically, plaintiff alleges that he is consuming and inhaling paint that peeled from the ceiling; that "the air vents are plugged up with dust and dirt and there is no fresh air whatsoever;" that the food is "nasty even by jail house standards," and that it is "always served cold and on old dirty trays;" that "there is mold growing

17

in the shower;" that "he stays sick or with a headache; and has trouble breathing and pain in his

chest since being in [the] jail from the dirty environment."  Compl. at 4.[8]

> With regard to the upkeep and living conditions of the jail, defendant asserts that the jail
>
> has received its certification of compliance from the National Commission of Correctional Health Care as well as the Michigan Department of Corrections for compliance with all health and safety standards.  This certification includes acknowledgment from the Michigan Department of Corrections that for the past three years the Saginaw County Jail has complied with all food standard requirements including section 719 (Menu Evaluations), section 721 (Public Health Inspections), section 722 (Food Service Policy), and section 723 (Food Service Inspection).

Def's. Mot. at 6.

> With regard to plaintiff's medical care while in the jail, defendant asserts that
>
> upon review of [p]laintiff's record regarding the Saginaw County Jail Medical Infirmary where all medical requests and transactions are recorded, it appears that [p]laintiff has [had] only two transactions, a physical exam given upon his arrival to the facility on October 28, 2004 (as is standard procedure), and a single request for Ibuprofin by Plaintiff, and the Jail's fulfillment of said request, on December 25, 2004.

Def's. Mot. at 6.

> While it is conceivable that plaintiff's allegations, if true, could pass the subjective ("serious

pain") part of the test, they certainly do not pass the objective ("deliberate indifference") component.

As stated, for plaintiff's claim to be meritorious, defendant must know of a substantial risk to an

---

[8]Plaintiff's Motion for Appointment of Counsel and Access to the Law Library purports to allege additional Eighth Amendment claims, including lack of access to mental health treatment and medication; failure to allow prisoners time outside their cells; and failure to pass out cleaners and disinfectants.  He alleges that he has made several written requests to "medical," but has not received a response.  He does not provide any evidence of these requests.  Additionally, plaintiff mentions the jail's "practice of placing prisoners in a segergation [sic] unit call[ed] the hold."  He alleges that, once in the hold, the prisoner's clothes are removed and he is clothed in a "paper dress." Subsequently, he alleges, "the guard then throws water on the prisoner and cuts up the air condition[ing] very high to freeze the prison."  Pl's. Mot. at 4.  (Plaintiff does not actually allege that he has been subjected to this practice.)  None of these claims need be considered, however, as they are not alleged in the complaint.

inmate's health, yet disregard the risk by failing to take reasonable measures to abate it.  *See Farmer*, 511 U.S. at 837-47.  In the instant case, plaintiff has failed to allege any facts demonstrating deliberate indifference on the part of defendant.

**4.     Plaintiff's complaint fails to allege defendant's personal involvement.**

The doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 lawsuits to impute liability upon supervisory personnel.  *See Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Rather, in order to find supervisory personnel (i.e., defendant) liable, plaintiff must allege that defendant condoned, encouraged, or knowingly acquiesced in the alleged misconduct.  *See Taylor*, 69 F.3d at 80-81.  "[A] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982) (citing *Leite v. City of Providence*, 463 F.Supp. 585 (D.R.I.1978)).

Here, plaintiff does not claim that defendant encouraged or directly participated in any of the matters alleged by plaintiff.  Therefore, plaintiff has failed to state a claim against defendant.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary*

*of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 8/17/05

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 17, 2005.

s/Eddrey Butts
Case Manager

20